v. Siris 212550. Thank you, Your Honour, and good morning. If it pleases the Court, I am Daniel Jackson, appearing on behalf of the appellant Mohamed Abdelwahab. This case presents a single issue. So when you say you're appearing on behalf of Mr. Abdelwahab, you're actually appearing on your behalf? Essentially, yes, Your Honour. In fact, there is a Third Circuit case which issued its decision and specifically referred to counsel as opposed to the petitioner below. I did mention this in my Form C as to essentially who the proper party is, but it's still captioned as it was below. But in the face of a denial of the CJA appointment, and this may or may not be within the record, is Mr. Abdelwahab beholden to you for fees? No, Your Honour. He has received the fees. There was an agreement that regardless of what happened, it would have been either pro bono or covered under the CJA. So he's got no stake in the outcome of this case. Minimal amounts, Your Honour. And this has not been officially tallied, of course, because we didn't get to the voucher stage where time was accounted for, but a rough estimate would be around eight hours total, roughly. But this case presents a single issue, whether the district court erred when it determined that it was not, quote, in the interests of justice to appoint counsel. So the predecessor or preceding issue for me, and seeded issue for me, is whether we even have jurisdiction. Absolutely, Your Honour. So would you address that first? Yes, Your Honour. In the United States, it delineates between unappealable decisions as to the voucher amount, if there are any voucher reductions, and whether or not to appoint the substantive issue, it determines that it is an appealable issue under 28 U.S.C. 1291 as a final decision of the district court. The core determination there in the Parker case is footnote 9, where it discusses and comes to the conclusion that while recognizing that the question appears close, we follow the rationale of several earlier cases by resolving the doubt in favor of appealability. That's minus the citations there, that quote. But yes, essentially it's been resolved in the Parker decision, which granted was a review of CJA appointment in a criminal case, but it's the same issue at bar here in this discretionary CJA case. So that is a claim for payment for services? That was a claim as to whether the counsel in the Parker case should have been appointed. So again, it delineated between voucher reductions, where the only recourse an attorney may have would be to go through the administrative process under each district court's CJA plan, but there is no right to appeal because it's not a final decision of a district court judge, unlike whether or not to appoint in the first place, which is? And here the district court decided not to appoint? I'm sorry? Here the district court decided not to appoint? Correct, yes. And Mr. Abdel-Wahab has an interest in the outcome of this case because he has an interest in paying his attorneys? Your Honor, I would say he doesn't have any interest in this because he's not on the hook for payment and he's already received the services. Why isn't this moot? I mean, the problem, first question was, you actually, your client, former client, got everything that he wanted? Yes. Right, so, and that's the appeal before us. It doesn't say Jackson versus Searles, it says Abdel-Wahab. Yes, Your Honor, and obviously I don't have control of how the case is docketed. I think according to the Parker decision, it properly should have been versus the Western District of New York, not Jeffrey Searles, who is the warden of the Buffalo Federal Detention Facility and has no standing regarding whether or not the appointment should have been made. You're saying this is a controversy between you and the Western District of New York? Essentially, yes, Your Honor. And that's certainly... It's an appeal from the judgment... Oh, I guess you're saying it's an appeal from the Abdel-Wahab versus Searles? Sorry, I didn't... You're saying this is not even part of Abdel-Wahab versus Searles? Essentially, correct, Your Honor, and that's brought home even more from the fact that the CJA decision was not an addendum to the substantive decision, which also was appealed by the government before being withdrawn. These are essentially two separate cases. But might one say that Mr. Abdel-Wahab actually does have an interest in paying his attorneys who provided him a service and so might have a continuing interest in the CJA appointment? Even though he got the benefit of the services, maybe he wants to be able to pay them? Yes, you could. Well, he's not paying anyone. Correct. The government is paying you. Hopefully. Okay, so his interest is extinguished because he's gotten what he Yes, Your Honor, and that's exactly what was happening in U.S. v. Parker. It was the attorneys' fees when the client had already received the benefit of the representation and was not on the hook for paying what counsel sought under the CJA appointment. Let me ask you something. I will just tell you that I chaired the Defender Services Committee, so I'm very interested in these issues, but here is a possible ramification. Let's suppose that you have a lawyer who is not appointed, who is not part of the CJA panel in the Southern District or Eastern District of New York or Vermont or anywhere, and that lawyer, let's call him Mr. Jackson, goes around and is looking around for possible opportunities to be appointed, and he does a little work for some person who happens to have been arrested or not, but is in the criminal . . . is in some criminal proceeding and thereafter seeks appointment without going through the CJA panel appointment process, and he wants to be appointed, and that lawyer could appeal after having done a little work, not eight hours, but an hour, could appeal and bring that case to the Second Circuit Court of Appeals and say, I should have been appointed. And so that is the problem, the practical problem, and it may not be necessarily a 1291 problem, but that is the problem that's in my head. Yes, Your Honor, and that was actually addressed. That was the core of the decision in Parker, where counsel sought a mid-case appointment, having already done privately retained work, essentially on the basis that the defendant had run out of money somewhere through the case. So in that case, the Second Circuit said that it was contrary to policy to allow that kind of representation, because that would allow an attorney to do exactly what you said, do a little bit of work, lock themselves in, and essentially jump the queue and avoid the wheel of the CJA panel. In a civil habeas case, the situation is materially different. The CJA panel does not provide representations in 2241 civil habeases. So there is no queue to jump. You cannot get representation under the normal processes and procedures of each district's CJA panel. The only way that you can get it is under this discretionary appointment under Section A1B, I believe, where it's only attorneys who bring an existing case and then can apply for non-proton appointment. That's your only option. So the concerns raised in Parker can be distinguished from civil habeas petitions because there is no availability of the CJA panel or the federal defender's offices. So what about the substance of the district court's decision? So the district court says, look, I already decided in Abdelwahab's favor when he filed a pro se, when he was acting pro se, I was convinced that he was being held under 1226, not 1231, and the government was just asking me to reconsider that, but there was no way I was going to do that. There was no reason to bring in an attorney just for the motion for reconsideration. Why isn't that within his discretion to decide? Absolutely. And if it were as simple as that, that could be a fair decision. But that's not actually what happened. So if I could run through three elements of the district court's decision below, there were three predicate findings before he determined this was essentially boilerplate litigation. First, the court found that Mr. Abdelwahab had the merits of his petition before Attorney Jackson entered the litigation and that his petition did not raise complex issues but involved the application of well-established standards to essentially undisputed facts. So that finding is both fundamentally inaccurate and is a red herring. It's inaccurate because Mr. Abdelwahab, who again the record shows was neither able to read nor write in English, succeeded on the original petition despite his pro se filing, not because of it. As explained on page 7 of the brief and at page 17 and footnote 10 of the brief in particular, I quote there, Mr. Abdelwahab was only able to file his original habeas petition because other detainees drafted it for him and the legal claim presented in that original habeas petition was actually fatally flawed. It required the court to have to put the effort in to discern a viable claim when he didn't present one. He presented it as a zapper. Okay, but fine. So the district court put in some extra work because he's a pro se. But the district court worked through the whole argument and was persuaded of the outcome. Absolutely. And that goes on to the next issue, which is that the court found that the respondent's post-judgment motion did not involve any novel legal issues and that's simply incorrect. The factual basis of the original petition, albeit that the legal argument was incorrect, but the factual basis of the original petition was incorrect. So the court was able to discern that. But the government's subsequent motion, the one for which I sought appointment, required him to respond to an issue of statutory interpretation regarding 1231 A1 B2 in light of this court's precedent case in the United States. And that was the basis for the district court's original decision. The district court did that work? Yes. The district court made the original decision about the statutory detention authority, but the motion that the government brought relied on new facts, essentially saying that... We're not forbearing anymore. Exactly. And arguing that that factual development rendered the forbearance agreement lesser than the judicial stay required by Hecheverria. So I know that this is not a straightforward issue personally because I've been counsel in not one but two cases that have raised it before this court have been fully briefed, received oral arguments before mooting out. It's still a live issue before this court. So to say that it doesn't involve novel issues is incorrect. Can I be clear about something? Is the live issue whether the forbearance agreement sort of has the same effect as a stay and therefore kicks it over to 1226 versus 1231? Or is the live issue the consequence of the government's ending its forbearance? I think those are both live issues because there is a body of district court case law that has determined the basic issue of forbearance falls under Hecheverria. Well, is the equivalent of a judicial stay and therefore we're going to use Hecheverria to say that you're in pre-order custody statute. You're saying the district court determined that the forbearance agreement does operate like a stay and so therefore it brings you to 1226 on the original petition. And in doing so he disagreed with another district judge, right? So there is some controversy over that question. And then on reconsideration the government was saying well, that may or may not be true but we have now decided no longer to forbear. And so even under the logic of the original decision you should reach a different conclusion. Yes, they argued that it changed the logic of the original decision. So it wasn't just a second bite of the apple. It was look at our attempts to forbearance. It's a mere. And that may or may not have been complicated before a district court but we don't know because you pointed out that the Second Circuit had actually entered a stay and so the whole thing was not an issue. Yes. But you're saying at the time that you started assisting Mr. Abdel Wahab it was just in response to this reconsideration motion which involved this issue. Yes, Your Honor. And that's another aspect that undermines the validity of the district court's order. The district court found that it was ultimately resolved by respondents' concession rather than hard motion practice. But again, that belies the record. What happened here was a substantive response to this complex legal argument. And again, this is a statutory interpretation argument, not one that a lay petitioner could draft. But one was drafted and then on the day it was to be filed, this court issued a temporary judicial stay. I was able to apprehend the significance of that in the context, truncated the response, filed it based on mootness, essentially because heteroviria was controlling, and the government even acknowledged, and this is in the record at, so it's district court document 22 at page 9, the government actually acknowledged that it only learned of the judicial stay of removal because of my counseled opposition to their motion and they conceded it on the basis of my argument. Let's just say that you're right and that you should have been appointed. What do we do? What do we say? Do we send it back? Let's say we've got jurisdiction. Let's say that you should have been appointed. What's the next step? Your Honor, I would ask that the CJA decision be vacated. It be remanded to the district court for instructions to appoint Nunt Pro Tunk to July 6, 2022. And I will note in the conclusion section of my opening brief, it incorrectly says request Nunt Pro Tunk to June 6, 2021. It should have been July 6, 2021. Wouldn't we have to, I'm not, maybe I missed it. I don't think the court ever actually made an eligibility determination. Wouldn't the court have to make that first? A financial eligibility? Yeah. Well, the only issue, you're right, in order to remand with instructions to appoint yes, a financial eligibility determination would have had to have been made. The only basis for the denial was interests of justice. So yes, you're right. So if we vacated that, it would be remanded for the financial eligibility determination and if appropriate, then appoint. Exactly. Yes. I've got another separate legal question. So we also have a case, U.S. v. USEF. Are you familiar with that? I'm not, I'm afraid. That seems to indicate that we may not have jurisdiction, but that it precedes Parker, that we may not have jurisdiction to review the denial of an appointment, a request for appointment under the CJA. So I would ask you to write us a letter about the United States v. USEF. You're a U.S. solo practitioner. So I'll give you a week. Yes. Is that good enough? So by next Wednesday at 5 p.m. Thank you, Your Honor. Thank you very much. That concludes today's argument calendar.